Filed 5/7/26  Brown v. Mansueto CA4/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| SUSAN J. BROWN, as Trustee, etc., | |
| Respondent, | G066603 |
| v. | (Super. Ct. No. 37-2008-00152252) |
| ROBERT F. MANSUETO, | O P I N I O N |
| Appellant. | |

Appeal from an order of the Superior Court of San Diego County, Olga Alvarez, Judge. Affirmed. Motion for sanctions. Denied. Requests for judicial notice. Denied.

Robert F. Mansueto, in pro. per., for Appellant.

Buchalter, Robert M. Dato; Greenberg Traurig, LLP and Catherine Swafford for Respondent.

Appellant Robert F. Mansueto (Brother) appeals from an order granting the petition of respondent Susan J. Brown (Sister) and removing him as cotrustee of their parents' trust. We conclude the trial court permissibly found Brother waived any objection to the petition by failing to file an objection and instead merely opposing an ex parte application. Accordingly, we affirm.

FACTS

The parties to this case are siblings whose parents died in 2006 and 2008. The parties settled previous litigation over their parents' trust by agreeing to serve as cotrustees of the trust and permitting Brother to live in their parents' former home with his family so long as he complied with the agreement. Brother further agreed to pay $400,000 to Sister by January 2014, secured by the parents' former home.[1]

Over the years, Brother made various payments but as the due date approached, more than half the total remained outstanding. The parties agreed to extend the time for payment to January 2019. Brother made more

---

[1] Brother requests we take judicial notice of the 2010 settlement agreement, the order granting entry of stipulated judgment against him and in Sister's favor, Brother's opposition to Sister's ex parte application, a notice of hearing, an April 9, 2024 minute order authorizing Sister to evict Brother and sell the property, and the order challenged by this appeal. That request is denied, as these documents are either already a part of the record on appeal or are irrelevant to the appeal. Brother also separately requests we take judicial notice of excerpts from the underlying trust and 2010 settlement agreement. That request is also denied for the same reasons we denied the first request. Brother also requests we take judicial notice of certain orders entered by the trial court after the order that is the subject of this appeal. That request is also denied, as those orders have no relevance to the dispute in this appeal. Shortly before oral argument, Brother also filed a Notice of Subsequent Developments Relevant to Pending Appeal. This document does not include a request for any sort of relief; we take no action in response to it.

payments but did not pay the full amount by the due date, at which time $66,778.23 remained due. At that point, interest and late fees began accruing according to the terms of the agreement. By February 2024, Brother owed Sister $111,297.04.

Sister filed a new petition seeking orders removing Brother as cotrustee of the parents' trust, authorizing Sister to evict any occupants of their parents' former home, and awarding attorney fees.

Sister filed an ex parte application seeking suspension of Brother's trustee powers in February 2024, though the application itself is not in the record. Brother opposed the ex parte, arguing his parents did not want the house to be sold, that he needed to live in the home to care for the parties' disabled sister (not a party to this case),[2] that the underlying settlement should be set aside, that Sister violated the settlement agreement, and that there was no emergency justifying ex parte relief. The trial court granted the application and suspended Brother's cotrustee powers.

At a May 2024 initial hearing on the petition, the trial court noted no written objections to the petition had yet been filed and warned Brother that "if he fail[ed] to serve and file a timely objection or response by 08/01/2024, the Court may deem such objection or response waived." The court continued the hearing for nearly three months.

At the August 2024 hearing, the trial court found Brother failed to file a written objection. The court told the parties it had previously set a deadline for written objections and had not received a written objection. Brother asked for a continuance, explaining he believed he had filed

_____

[2] The record shows the parties' disabled sister presently lives in a managed care facility, but Brother also contended she should be moved to live in the home with him.

3

objections in the body of a separate petition he had previously filed against Sister, describing it as "excusable neglect" on his part. He denied understanding that there was a deadline for the filing of written objections. The trial court then placed Brother under oath and asked him why he did not file timely written objections. Brother responded that he was overwhelmed by his various responsibilities relating to the trust and the parties' disabled sister. The trial court found there was no mistake, inadvertence, surprise, or excusable neglect, and deemed the objections waived.

Accordingly, the trial court granted Sister's petition, removed Brother as cotrustee of the trust, permitted Sister to evict any remaining occupants of the parents' former home, and awarded attorney fees to Sister in an amount to be determined.

## DISCUSSION

Orders removing a trustee are reviewed for abuse of discretion. (*Trolan v. Trolan* (2019) 31 Cal.App.5th 939, 957.) Regardless of the standard of review, we presume the trial court's decision is correct; it is the appellant's burden to demonstrate via an adequate record that the trial court erred. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).) If the record on appeal is inadequate to evaluate the merits of an issue raised by the appellant, ""the appellant defaults and the decision of the trial court should be affirmed."" (*Id.* at p. 609.)

Objections to petitions in probate court are governed by Probate Code section 1043. Subdivision (b) of that section allows objections to be raised orally at the initial hearing and allows the trial court to grant a continuance for the purpose of allowing an objection to be made in writing. "If the court continues a matter to allow a written objection or response to be made, and the responding or objecting party fails to serve and file a timely

4

objection or response, the court may deem the objections or responses waived." (Cal. Rules of Court, rule 7.801.) That is what happened here.

We disagree with Brother's claim that he effectively objected to the petition by opposing the ex parte application. He cites no authority for this proposition and we find none. An opposition to an ex parte application in probate court is not the same as an opposition to the underlying petition, in the same way that an opposition to a request for a temporary restraining order is not a substitute for an answer to the underlying complaint. Brother's opposition is unambiguously and expressly directed to Sister's ex parte application, not to the petition.

Moreover, the timeline does not support appellant's version of events. Brother filed his opposition to the ex parte application in March 2024. The trial court informed Brother that he had not filed an objection to the petition on May 21, 2024, and set a deadline for him to do so, warning him of the consequences of failing to meet it: "the Court may deem such objection or response waived." Had Brother believed his opposition adequately objected to the petition, he could have said so at that time. The court even continued the hearing on the petition from May to August. Yet at the final hearing, Brother still did not assert his opposition was a sufficient objection, instead suggesting that his objection was contained in a separate petition he filed against Sister (a contention he has not raised before this court) and requesting a further continuance to fix this "defect," which he argued was the result of his being "overwhelmed" by responsibilities relating to the trust and

his disabled sister.[3] The trial court acted well within its authority by "deem[ing] the objections or responses waived." (Cal. Rules of Court, rule 7.801.)

Briefly in the "Introduction" section of his opening brief, Brother asserts the parties' disabled sister will be adversely affected by the trial court's ruling, potentially in violation of one or more trust provisions. He neither raised this below nor supports it with a meaningful legal basis and citations to the record. (See *Jameson*, *supra*, 5 Cal.5th at p. 609.)

The only remaining issue is Sister's motion for sanctions. Sanctions for a frivolous appeal are appropriate where either "it is prosecuted for an improper motive—to harass the respondent or delay the effect of an adverse judgment—or when it indisputably has no merit—when any reasonable attorney would agree that the appeal is totally and completely without merit." (*In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.) These two standards buttress each other: for example, "the total lack of merit of an appeal is viewed as evidence that [the] appellant must have intended it only for delay." (*Id.* at p. 649.)

Sister argues this appeal meets either standard for a frivolous appeal. She points out that Brother was expressly directed to file a proper opposition by a date certain, was warned that failure to do so might lead to the trial court granting her petition, and yet now appeals anyway. Sister also points to Brother's repeated petitions for supersedeas, all of which were

---

[3] For the same reasons, we disagree with Brother's contention that the trial court violated either his due process rights under the Fourteenth Amendment to the United States Constitution and Article I, section 7 of the California Constitution, or Probate Code sections 15642 and 17200.

denied, as evidence of appellant's subjective intent to utilize the appellate process for the illegitimate purpose of delay.

This is a close call, but we decline to impose sanctions. We see a genuine effort by Brother to overturn the trial court's decision that confuses procedural devices but is not wholly unreasonable. Similarly, any inference of delay from Brother's repeated supersedeas petitions is rebutted by his motion for calendar preference—a request to *speed up* this proceeding.

### DISPOSITION

The trial court's order is affirmed.

Respondent shall recover her costs on appeal.

SCOTT, J.

WE CONCUR:

SANCHEZ, ACTING P. J.

GOODING, J.